UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BRUCE S. REZNICK and JUDITH L. REZNICK,

                Plaintiffs,

      -against-

BLUEGREEN RESORTS MANAGEMENT, INC.,

                Defendant.
-----------------------------------------------------------------X

MEMORANDUM & ORDER

18-cv-47 (NGG) (SMG)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs Bruce S. Reznick and Judith L. Reznick bring this action for breach of contract against Defendant Bluegreen Resorts Management, Inc. Their claims concern Plaintiffs' vacation ownership interests (commonly known as "timeshares") at the Royal Suites at the Atlantic Palace in Atlantic City, New Jersey. (See Compl. (Not. of Removal Ex. A (Dkt. 1-2)).)

Before the court is Defendant's motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss (Dkt. 9); see Mem. in Supp. of Mot. to Dismiss ("Mem.") (Dkt. 9-1).) For the reasons that follow, Defendant's motion is GRANTED.

I.    BACKGROUND

   A.    Facts

The following facts are drawn from Plaintiff's complaint and are assumed to be true for purposes of the motion to dismiss.

Plaintiffs allege that in 2002, they purchased two timeshare units—a two-bedroom unit and a studio unit—from the Royal Suites at the Atlantic Palace in Atlantic City, New Jersey. (Compl. ¶ 4; see Mem. at 1.) Beginning in 2008, Plaintiffs regularly utilized their timeshare units during the week between Christmas and New Year's Day and over the Thanksgiving

1

holiday, Presidents' Day weekend, Martin Luther King, Jr. Day weekend, and the week of Passover. (Compl. ¶¶ 5, 9.) Plaintiffs reserved their timeshare units on these dates from 2008 through 2013. (Id. ¶¶ 5, 12.) Plaintiffs paid the annual maintenance costs for each unit as required. (Id. ¶¶ 6, 9.)

In order to make these reservations, Plaintiffs contacted the front desk of the Atlantic Palace (the "Front Desk") approximately six months to a year in advance of the dates on which they wished to utilize their timeshare units, "all in accordance with the terms of the contract and closing documents between [P]laintiffs as purchasers and the Royal Suites at the Atlantic Palace as seller." (Id. ¶¶ 7, 9-10.)

In 2010, Defendant allegedly entered into a contract with the Royal Suites to manage and maintain the premises and property as well as the timeshare units and garage parking services of the Atlantic Palace. (Id. ¶ 11.) From 2010 through 2013, Plaintiffs continued to reserve their timeshare units six months to a year in advance through the Front Desk, which after 2010 was managed by Defendant. (Id.)

In 2014, as usual, Plaintiffs reserved their timeshares for that year's Thanksgiving and Christmas holidays through the Front Desk. (Id. ¶ 13.) However, in August 2014, Plaintiffs were informed by the Front Desk that Defendant, as managing agent, had cancelled all previously confirmed reservations. (Id. ¶ 14.) Plaintiffs were told that, going forward, all reservations had to be made directly with Defendant using a toll-free number. (Id.) Plaintiffs immediately and repeatedly called the toll-free number, but were unable to speak with a representative to make a reservation until September. (Id. ¶¶ 15-17.) On or about September 3, 2014, Plaintiffs "made contact" and were informed that reservations could not be made more than thirty days in advance. (Id. ¶ 17.)

2

On September 8, 2014, Plaintiffs wrote to Defendant explaining the situation and noting that Defendant was failing to comply with the terms of Plaintiffs' timeshares. (Id. ¶ 18.) On October 27, 2014, Plaintiffs again wrote to Defendants demanding that they comply with the Plaintiffs' contract, the contract between Defendant and the Royal Suites, and the "customs and practices" of reservations at the Royal Suites. (Id. ¶ 21.) Throughout this period, Plaintiffs continued to attempt to make reservations for the Thanksgiving holiday and the week between Christmas and New Year's Day to no avail. (Id. ¶¶ 19-20, 22.)

On November 19, 2014, Defendant confirmed Plaintiffs' reservations for Thanksgiving, but only for a one-bedroom unit, despite the fact that Plaintiffs are owners of a two-bedroom unit. (Id. ¶ 23.) Defendant also required that Plaintiffs pay for the unit on a per diem basis rather than "[P]laintiffs' free time." (Id. ¶ 23.) After November 19, 2014, Plaintiffs continued to attempt to make reservations for their two-bedroom unit for the week between Christmas and New Year's Day to no avail. (Id. ¶ 24.)

Plaintiffs allege that Defendant's refusal to confirm reservations for Plaintiffs and other timeshare owners permitted Defendant to operate the Royal Suites as a hotel and attempt to secure rental income from non-owners at a greater daily rate rather than from timeshare owners who had already paid their maintenance in advance. (Id. ¶ 25.) Plaintiffs further allege that Defendant "in a willful, wanton and contumacious nature and conduct breached its contract with the Royal Suite[]s and with [P]laintiffs as third party beneficiaries of the contracts between the [Royal] Suites at the Atlantic Palace and [D]efendant." (Id. ¶ 26.) Plaintiff seeks damages. (Id. ¶ 27.)

B.  **Procedural History**

On or around November 26, 2014, Plaintiffs commenced a separate action concerning the same facts against Defendant in New York Supreme Court, Kings County. (Mem. at 2.) Plaintiffs asserted two causes of action sounding in breach of contract and bad faith. (Id.) Defendant moved to dismiss on the ground that there was no privity between Defendant and Plaintiffs. (Id.) On April 27, 2016, the Supreme Court denied Defendant's motion to dismiss. (Id. (citing Reznick v. Bluegreen Vacations Unlimited, Inc., 2016 WL 10769750 (N.Y. Sup. Kings Cty., May 16, 2016)).) Defendant appealed and on October 18, 2017, the Appellate Division reversed the Supreme Court and dismissed Plaintiffs' complaint for failure to state a claim. (Id. (citing Reznick v. Bluegreen Resorts Mgmt., Inc., 62 N.Y.S.3d 460, 463 (N.Y. App. Div. 2017)).) The court found that the complaint failed to allege the provisions of any contract between Plaintiffs and Defendant that Defendant breached through its actions. Reznick, 62 N.Y.S.3d at 463. The court further noted that, "even affording the complaint a most liberal construction and affording the [P]laintiffs the benefit of every favorable inference," the complaint failed to allege that Plaintiffs were third-party beneficiaries of an agreement between Defendant and any other party or that such agreement was intended for the benefit of the Plaintiffs. Id.

Plaintiff subsequently commenced this action on November 28, 2017, in the Supreme Court of the State of New York, Kings County (Not. of Removal (Dkt. 1) ¶ 1), alleging three causes of action (see Compl.). This court construes Plaintiffs' causes of action as (1) a claim for breach of "[P]laintiffs' contract" (id. ¶ 30); (2) a third-party-beneficiary claim for breach of the contract between Defendant and the Royal Suites (id. ¶¶ 26, 30, 32); and (3) a claim based on a breach of an implied covenant of good faith and fair dealing (id. ¶ 30). On January 4, 2018,

4

Defendant removed the action to this court on diversity grounds pursuant to 18 U.S.C. § 1332(a)(1). (Id. ¶¶ 3, 5.) Defendant now moves to dismiss on the ground that Plaintiffs fail to allege facts sufficient to make out a third-party-beneficiary claim for breach of contract. (See Mem.)

## II. LEGAL STANDARDS

A Rule 12(b)(6) motion tests the legal sufficiency of a plaintiff's complaint. Patane v. Clark, 508 F.3d 106, 112-13 (2d Cir. 2007). To survive a Rule 12(b)(6) motion, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When considering a motion to dismiss for failure to state a claim, the court must accept as true all allegations of fact in the complaint and draw all reasonable inferences in favor of the plaintiff. L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011). "In determining the adequacy of the complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005).

## III. DISCUSSION

With respect to Plaintiffs' first claim—Defendant's alleged "utter failure to comply with [P]laintiffs' contract" (id. ¶ 30)—the court finds that Plaintiffs have failed to allege the existence of a contract between Plaintiffs and Defendant that Defendant breached by allegedly failing to accept and facilitate the Plaintiffs' requested reservations. Indeed, the complaint references only

5

two agreements (although they fail to cite specific provisions of either): one between Plaintiffs and the Royal Suites (Compl. ¶¶ 7, 9), and one between Defendant and the Royal Suites (id. ¶ 11.) "Liability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties." See CDJ Builders Corp. v. Hudson Grp. Const. Corp., 889 N.Y.S.2d 64, 65 (N.Y. App. Div. 2009) (citation omitted). Plaintiffs' failure to allege the existence of a contract between Plaintiffs and Defendant is thus fatal to their claim.[1]

Nor does the complaint support a breach-of-contract claim on the theory that Plaintiffs were third-party beneficiaries of the contract between Defendant and the Royal Suites. Under New York law, parties asserting third-party beneficiary rights under a contract must establish: "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [their] benefit and (3) that the benefit to [them] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [them] if the benefit is lost." Mendel v. Henry Phipps Plaza W., Inc., 844 N.E.2d 748, 751 (N.Y. 2006) (alterations in original) (citation omitted). "It is ancient law in New York that to succeed on a third-party-beneficiary theory, a non-party must be the <u>intended</u> beneficiary of the contract, not an incidental beneficiary to whom no duty is owed." Suffolk Cty. v. Long Island Lighting Co., 728 F.2d 52, 63 (2d Cir. 1984) (emphasis added) (citing Lawrence v. Fox, 20 N.Y. 268 (1859)). "To create a third party right to enforce a contract, the language of the contract must clearly evidence an intent to permit enforcement by the third party." Consol. Edison, Inc. v. Ne. Utilities, 426 F.3d 524, 528 (2d Cir. 2005) (internal quotation marks omitted); see also Anwar v. Fairfield Greenwich Ltd., 728 F. Supp. 2d 372, 418 (S.D.N.Y. 2010) ("New York law requires

---

[1] The Appellate Division found Plaintiffs' prior state complaint similarly lacking and dismissed the complaint for failure to allege the existence of a contract or privity between Plaintiffs and Defendant. See Reznick, 62 N.Y.S.3d at 463.

that the parties' intent to benefit a third-party be shown on the face of the contract."). "Absent clear contractual language evincing such intent, New York courts have demonstrated a reluctance to interpret circumstances to construe such an intent." LaSalle Nat'l Bank v. Ernst & Young LLP, 729 N.Y.S.2d 671, 676 (N.Y. App. Div. 2001) (internal citation omitted).

In support of their third-party claim, Plaintiffs merely assert that they "were and are third party beneficiaries of the agreement and contract between [D]efendant and the Royal Suites at the Atlantic Palace." (Id. ¶ 32; see also id. ¶ 26 ("Defendant . . . breached its contract with the Royal [Suites] and with [P]laintiffs as third party beneficiaries of the contracts between the [Royal] Suites at the Atlantic Palace and [D]efendant.").) With respect to this third-party contract, Plaintiffs allege only that "[o]n or about 2010," Defendant "entered into a contract with the Royal Suites to manage and maintain the premises and property and the time share units of the Atlantic Palace as well as the garage parking services." (Id. ¶ 11.) The complaint lacks allegations as to any specific contractual term from which it could be plausibly inferred either that Defendant breached its contract with the Royal Suites or that Defendant and the Royal Suites intended Plaintiffs to be third-party beneficiaries of their contractual agreement. Plaintiffs further fail to identify any statements, correspondence, or other material that might evidence an intent on the part of Defendant or the Royal Suites to have their contract benefit Plaintiffs. Without more, Plaintiffs' claim based on their alleged third-party beneficiary status must be dismissed. See Walsh v. Rigas, No. 17 CIV. 4089 (NRB), 2019 WL 294798, at *15 (S.D.N.Y. Jan. 23, 2019) (dismissing breach of contract claim where plaintiff failed to plead "the existence of specific contractual language sufficiently evincing intent to benefit plaintiffs . . . in any of the [relevant] third-party agreements"); Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc., 651 F. Supp. 2d 155, 184 (S.D.N.Y. 2009) (dismissing breach of contract claims where the

plaintiffs failed to identify "any contractual term from which it could be plausibly inferred that the defendants intended plaintiffs to be third-party beneficiaries of their contracts" or "any meetings, correspondence, or any other indication of intent on the part of any of the defendants to benefit plaintiffs"); LaSalle Nat'l Bank, 729 N.Y.S.2d at 677 (dismissing breach of contract claim because "[t]he pleadings do not set forth any basis upon which we could construe the existence of third-party rights and that plaintiffs were intended to be the third-party beneficiaries").

Finally, Plaintiffs contend that they were damaged "by virtue of [D]efendant's bad faith." (Compl. ¶ 30.) To the extent that Plaintiffs intend by this language to assert a claim against Defendant for breach of an implied covenant of good faith and fair dealing,[2] such claim must be dismissed because, as explained above, Plaintiffs have failed to allege the existence of either (1) a contract between Plaintiffs and Defendant, or (2) a contract between Defendant and the Royal Suites intended to benefit Plaintiffs. See Keefe v. New York Law Sch., 897 N.Y.S.2d 94, 95 (N.Y. App. Div. 2010) ("Absent the existence of a contract, a claim alleging breach of the implied covenant of good faith and fair dealing is legally unavailing."). Moreover, even assuming Plaintiffs had sufficiently stated a claim for breach of contract—which they did not— their claim for breach of the implied covenant of good faith and fair dealing would necessarily fail because it would be "premised on the same conduct that underlies the breach of contract cause of action and [would be] intrinsically tied to the damages allegedly resulting from a breach

---

[2] "Even if a party is not in breach of its express contractual obligations, it may be in breach of the implied duty of good faith and fair dealing when it exercises a contractual right as part of a scheme to realize gains that the contract implicitly denies or to deprive the other party of the fruit (or benefit) of its bargain." Elmhurst Dairy, Inc. v. Bartlett Dairy, Inc., 949 N.Y.S.2d 115, 118 (N.Y. App. Div. 2012) (citation and internal quotation marks omitted and alteration adopted).

of the contract." MBIA Ins. Corp. v. Merrill Lynch, 916 N.Y.S.2d 54, 55 (N.Y. App. Div. 2011) (citations and internal quotation marks omitted).

IV. CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's motion to dismiss (Dkt. 9).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
February 27, 2019

NICHOLAS G. GARAUFIS
United States District Judge